# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 6091 | **DATE** | 10/23/2001 |
| **CASE TITLE** | Jesus Gutierrez Rivera vs. Kathleen Hawk-Sawyer | | |

**MOTION:**  [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Petitioner's motion for leave to file instanter and his motion to supplement the record (both received on September 26, 2001) are granted. For the reasons stated on the attached order, the Court denies the petitions in both case No. 01 C 3283 and 01 C 6091. Judgment is entered in favor of respondents in both cases.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | OCT 24 2001 date docketed | | |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| OR | courtroom deputy's initials | 01 OCT 24 PM 4: 55 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

JESUS GUTIERREZ RIVERA,                )
                                       )
    Petitioner,    )
                                       )
vs.                                    )    Case No. 01 C 3283
                                       )
UNITED STATES OF AMERICA, et al.,      )
                                       )
    Respondents.   )
---------------------------------------)
                                       )
JESUS GUTIERREZ RIVERA,                )
                                       )
    Petitioner,    )
                                       )
vs.                                    )    Case. No. 01 C 6091
                                       )
KATHLEEN HAWK-SAWYER,                  )
                                       )
    Respondent.    )

DOCKETED
OCT 2 4 2001

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Jesus Gutierrez Rivera, the petitioner in these habeas corpus cases under 28 U.S.C. §2241, challenges the manner in which he was required to serve his sentences for federal and state crimes. The reason there are two cases is that Rivera first filed his petition in the District Court for the District of Columbia, which transferred the case here; while awaiting that transfer, he filed a second petition in this Court asserting the same grounds.

Rivera was arrested by Texas authorities on state charges in December 1994. He was thereafter indicted on federal charges as well. On February 21, 1995, he was produced in the Southern District of Texas on a writ of habeas corpus *ad prosequendum,* following his

indictment on federal charges. On May 1, 1996, Rivera was sentenced to 60 months in prison on the federal charges. The U.S. Marshal then returned him to the state authorities, and on January 31, 1997, he was sentenced to a five year prison term in state court. The state judge said that the sentence was to run concurrently with Rivera's federal sentence but said nothing about where the sentence(s) would be served. Rivera served time in state prison; he was paroled on April 24, 1998 and was then returned to federal custody. The government maintains that Rivera's federal sentence started at that point. With good conduct time, Rivera was released from prison on supervised release in mid-2001. He argues that he should have gotten credit on his federal sentence for the time he spent in state custody after he was given his federal sentence and, in a recently-filed document, also appears to argue that he should have gotten federal credit for at least some of the time he spent in state custody before he was transferred to federal court on the writ.

The first issue concerns our jurisdiction. Although Rivera has been released from prison, he is still on supervised release, and if he had been released from prison earlier, his supervised release term would have begun and ended sooner. That is sufficient to confer jurisdiction on the Court. *See generally White v. Indiana Parole Board,* No. 00-2425, slip op. at 2-3 (7th Cir. Sept. 26, 2001).

We therefore turn to the merits. As the first sovereign to arrest Rivera, Texas had priority jurisdiction to prosecute him. *See Thomas v. Brewer,* 923 F.2d 1361, 1365 (9th Cir. 1991). Rivera's transfer to federal custody pursuant to the writ of habeas corpus *ad prosequendum* did not transfer priority jurisdiction; he was merely "on loan" to the federal authorities. *Id.* at 361 n.3; *Flick v. Blevins,* 887 F.2d 778, 781 (7th Cir. 1989). Rivera's federal sentence did not

commence until he was received in federal custody for the service of that sentence, *see* 18 U.S.C. §3585(a), and that did not occur until after he had completed his state sentence.

In support of his claim that he should get federal credit for the time he spent serving his state sentence, Rivera relies on *United States v. Croft,* 450 F.2d 1094 (6th Cir. 1971). In that case, the defendant was arrested on a state charge while free on bond in a federal case. After arrest, he was transferred to federal court via a writ and was convicted and sentenced for the federal offense. The federal sentencing judge ordered the Marshal to deliver Croft immediately to federal prison, but the Marshal instead returned him to state custody, where he was eventually sentenced to a term concurrent with his federal sentence. He served a portion of the state sentence and then was returned to federal custody, where his federal prison term then began. The court held that the petitioner's federal sentence would be deemed to have begun upon issuance of the federal sentencing judge's order that he be committed immediately to federal prison. Assuming *Croft* is good law in this Circuit, it does not govern Rivera's case. Here, unlike in *Croft,* there was no mistake or malfeasance by the federal authorities in returning Rivera to state custody. Under governing law, Rivera's federal sentence did not begin until he was returned to the federal authorities after completion of his state sentence.

If it were apparent that Rivera's federal sentencing judge intended for his sentence to run concurrently with a later-imposed state sentence, Rivera might have a viable claim (at least an equitable one) for relief. But there is no basis to say that is what the judge intended. In this Circuit at least, the judge could not have made his sentence concurrent with a sentence that had not yet been imposed. *Romandine v. United States,* 206 F.3d 731, 738 (7th Cir. 2000). But even assuming the law to be different in the Fifth Circuit, we have been given nothing to suggest that

3

the judge intended anything of the kind. And absent an order making the sentences concurrent, the federal sentence is deemed to be consecutive. *See id.* at 737 (citing 18 U.S.C. §3584(a)).

The Texas state judge who sentenced Rivera did intend for his sentence to be concurrent with Rivera's federal sentence. However, no one (either the state court judge, Rivera, or his lawyer) did anything in state court to effectuate the state judge's intent – for example, by having Rivera returned to federal custody and giving him state credit for the federal time he served. The state judge's determination that the sentences would be concurrent did not bind the federal authorities. *See, e.g., Jake v. Herschberger,* 173 F.3d 1059, 1065 (7th Cir. 1999).

The only attempt Rivera made to effectuate the state court's intent came, it appears, after he completed his state sentence, when he asked the U.S. Attorney General pursuant to 18 U.S.C. §3621(b) to designate the state prison *nunc pro tunc* as his place of federal confinement, which would have given Rivera federal credit for his state prison time. But the Attorney General denied that request. Rivera does not appear to challenge that decision except for a statement in his "Traverse" filed in late August 2001, in which he states that "[t]he BOP's own policy statement PS 5880.28 requires that the State jails be designated as federal facilities when the State court orders its sentence to run concurrent with the previously imposed federal sentence." Traverse, p. 4. Rivera does not cite a particular page of BOP Policy Statement 5880.28 (a 200-plus page document), but the Court has reviewed it and found only one spot in which the Policy Statement says anything on this topic. At pages 1-32 to 1-32A, the Policy Statement notes that when a federal court sentences a prisoner who is serving a non-federal prison sentence, it may impose a federal sentence concurrent with the state sentence. According to the Policy Statement, when the BOP receives such a judgment, it "shall designate the non-federal facility as the place to serve the

4

federal sentence." U.S. Bureau of Prisons Policy Statement 5880.28 at 1-32 to 1-32A (Feb. 14, 1997). The Policy Statement goes on to say that "on occasion," a federal court will order a federal sentence to run concurrently with a not-yet-imposed prison term (in other words, what the Seventh Circuit said in *Romandine* a federal court could not do). If this happens, the Policy Statement provides that the Bureau of Prisons will designate the non-federal prison as the place to serve the federal sentence. *Id.* at 1-32A. Neither of these situations matches what occurred in Rivera's case; as noted earlier, from what we have been told the federal sentencing judge said nothing indicating that his sentence was to be concurrent with the not-yet-imposed state sentence. Moreover, the same Policy Statement provides that "[i]f the federal sentence is silent ... then the federal sentence shall not be placed into operation until the U.S. Marshals' Service or the Bureau of Prisons gains exclusive custody of the prisoner," *id.,* which in Rivera's case did not happen until after he had completed his state sentence. In short, the BOP appears to have complied with its Policy Statement.

Finally, Rivera argues that under *Bloomgren v. Belaski,* 948 F.2d 688, 690 (10th Cir. 1991), if a person arrested on a state charge on which he would have been admitted to bail is held in custody based on a federal "no-bond" warrant, then he must receive credit for the time he is so held. The Court has no quarrel with that proposition, but Rivera has provided no evidence that that is what happened in his case. Rivera has shown that his federal warrant was a no-bond warrant, but he has not shown that he was about to be released from custody on the state charge (a charge of attempted murder) but was nonetheless kept in custody due to the federal warrant. Without such evidence, *Bloomgren* simply has no application here.

## Conclusion

Petitioner's motion for leave to file *instanter* and his motion to supplement the record (both received on September 26, 2001) are granted. For the reasons stated above, the Court denies the petitions in both Case No. 01 C 3283 and 01 C 6091. Judgment will enter in favor of respondents in both cases.

Date: October 23, 2001

MATTHEW F. KENNELLY
United States District Judge